IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARVEY EUGENE LARSON,

    Plaintiff,                    No. CIV S-06-1794 GEB DAD P

    vs.

WARDEN RUNNELS, et al.,

    Defendants.                <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  <u>See</u> 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of

1

the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital

Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In his complaint plaintiff has named Warden Runnels and a John Doe as defendants.  Plaintiff appears to allege that defendant John Doe refused to ducat him to pick up his fourth quarterly package.  Plaintiff claims that the package in question did in fact arrive at High Desert State Prison and that he has received a package every quarter since December 2000.

Plaintiff claims that defendant John Doe told him to keep his mouth shut about the package. Plaintiff requests damages in the amount of $10,000.

The allegations in plaintiff's complaint are barely legible and are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. Plaintiff's complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff files an amended complaint, he is advised that all defendants must be identified in the caption of his pleading and that all defendants must be named, with position and place of employment, in the section of the form designated for that purpose. In his original complaint, plaintiff has referred to one defendant as "John Doe." "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that the court cannot order service of a complaint on defendants not actually identified by name in his amended complaint.

In addition, in the section of the complaint in which plaintiff is required to set forth a brief statement of the facts of the case, he must identify what constitutional right he believes defendants violated. Plaintiff must also describe how each defendant has deprived him of his constitutional rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official

1  participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266,
2  268 (9th Cir. 1982).

3        If plaintiff files an amended complaint, he is advised that the United States
4  Supreme Court has held that "an unauthorized intentional deprivation of property by a state
5  employee does not constitute a violation of the procedural requirements of the Due Process
6  Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is
7  available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a
8  meaningful postdeprivation remedy, only authorized, intentional deprivations constitute
9  actionable violations of the Due Process Clause. An authorized deprivation is one carried out
10 pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d
11 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th
12 Cir. 1987).

13       Plaintiff is also advised that the "unnecessary and wanton infliction of pain"
14 constitutes cruel and unusual punishment prohibited by the United States Constitution. Whitley
15 v. Albers, 475 U.S. 312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977);
16 Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). However, neither accident nor negligence
17 constitutes cruel and unusual punishment, because "[i]t is obduracy and wantonness, not
18 inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and
19 Unusual Punishments Clause." Whitley, 475 U.S. at 319. What is needed to show unnecessary
20 and wanton infliction of pain "varies according to the nature of the alleged constitutional
21 violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320).
22 Plaintiff must allege facts showing that objectively he suffered a sufficiently serious deprivation
23 and that subjectively each defendant had a culpable state of mind in allowing or causing the
24 plaintiff's deprivation to occur. Wilson v. Seiter, 501 U.S. 294, 298-99 (1991).

25       Finally, plaintiff is advised that allegations of verbal harassment or abuse alone
26 does not violate the Constitution and thus does not give rise to a claim for relief under 42 U.S.C.

1  § 1983. Austin v. Terhune, 367 F.3d 1167, 1171-72 (9th Cir. 2004); Oltarzewski v. Ruggiero,
2  830 F.2d 136, 139 (9th Cir. 1987) (vulgar language and verbal harassment do not state a
3  constitutional deprivation under § 1983). Even verbal conduct that constitutes a threat does not
4  rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 924 (9th Cir. 1987).
5       Plaintiff is informed that the court cannot refer to a prior pleading in order to
6  make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended
7  complaint be complete in itself without reference to any prior pleading. This is because, as a
8  general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
9  F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
10 longer serves any function in the case. Therefore, in an amended complaint, as in an original
11 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
12      Accordingly, IT IS HEREBY ORDERED that:
13      1. Plaintiff's September 15, 2006 motion to proceed in forma pauperis (Doc. No.
14 4) is granted.
15      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
16 The fee shall be collected and paid in accordance with this court's order to the Director of the
17 California Department of Corrections and Rehabilitation filed concurrently herewith.
18      3. Plaintiff's complaint is dismissed.
19      4. Plaintiff is granted thirty days from the date of service of this order to file an
20 amended complaint that complies with the requirements of the Civil Rights Act, the Federal
21 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
22 docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an
23 amended complaint in accordance with this order will result in a recommendation that this action
24 be dismissed without prejudice.
25 /////
26 /////

6

1     5. The Clerk of the Court is directed to send plaintiff the court's form for filing a
civil rights action.

DATED: October 10, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
lars1794.14a